**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Jessica Burgess, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Bureau of Collection Recovery, LLC; and DOES 1-10, inclusive, | : **JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, Jessica Burgess, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jessica Burgess ("Plaintiff"), is an adult individual residing in Iva, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Bureau of Collection Recovery, LLC ("BCR"), is a Minnesota business entity with an address of 7575 Corporate Way, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by BCR and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      BCR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $890.61 (the "Debt") to Citizen's Bank (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to BCR for collection, or BCR was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. BCR Engages in Harassment and Abusive Tactics

12. In or around late June of 2012, Defendants began contacting Plaintiff in an attempt to collect the Debt.

13. Defendants placed a minimum of five calls a day to Plaintiff's home telephone.

14. On several occasions, Plaintiff explained to Defendants that she could not afford to satisfy the Debt at the time and asked to stop the calls.

15. Additionally, when Plaintiff terminated calls after explaining her financial situation to Defendants, Defendants would immediately call Plaintiff back.

16. During conversations, Defendants used an abrasive tone with Plaintiff and refused to recognize that Plaintiff had offered to make payments towards satisfying the Debt.

17. Additionally, Defendants continued to pressure Plaintiff into making payments and demanded an immediate good faith payment of $30.00 from Plaintiff.

18. During one conversation, Defendants offered to set up a payment plan with Plaintiff. Plaintiff stated she would comply with the payment plan if Defendants sent it to her in writing. Defendants, however, stated they would only send her something in writing after Plaintiff had satisfied the Debt in full.

19. Plaintiff only received written validation of the Debt two months after Defendants had initiated contact with Plaintiff.

20. Furthermore, the validation letter Defendants sent to Plaintiff failed to state Plaintiff had a right to dispute the Debt within thirty days as required by 15 U.S.C. § 1692g.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq*.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been verified.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## WRONGFUL INTRUSION INTO PRIVATE AFFAIRS

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendants violated South Carolina state law.

35. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

36. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

37. The conduct of the Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

39. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 26, 2012

    Respectfully submitted,

    By  */s/ Brian J. Headley*

    Brian J. Headley, Attorney at Law
    District of South Carolina Bar ID No. 11427

145 Historic Drive
Mount Pleasant, SC 29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237